**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 10 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

WORLD WIDE ASSOCIATION OF
SPECIALTY PROGRAMS AND
SCHOOLS, a Utah corporation,

       Plaintiff - Appellant,

  v.

THOMAS G. HOULAHAN, a foreign
individual,

       Defendant - Appellee.

No. 04-4181
(D.C. No. 2:04-CV-107-DAK)
(D. Utah)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff World Wide Association of Specialty Programs and Schools, an association of specialty schools for troubled teens, filed this diversity case alleging defamation and intentional interference with prospective economic advantage. The district court granted defendant Thomas G. Houlahan's motion for dismissal, based on lack of personal jurisdiction. We affirm.

**Background Facts**

The World Wide Association of Speciality Programs and Schools (the association) maintains its principal place of business in St. George, Utah. Mr. Houlahan, a reporter who resides in Washington, D.C., researched a story for United Press International about alleged abuse at association schools located in New York, South Carolina, Jamaica, and Mexico. In its lawsuit, the association alleged that, while investigating the story, the reporter made defamatory statements to potential students, former students, parents of potential and former students, an employee of a state agency responsible for licensing a member school, and a Utah attorney who had filed numerous suits against plaintiff. At the time of the contacts, these individuals were located in Alaska, North Carolina, South Carolina, and California.

**Discussion**

The association asserts that, under Utah's long-arm statute, the court was authorized to exercise specific jurisdiction over Mr. Houlahan because the alleged

-2-

acts caused injury in Utah: harm to the association's sole source of funding – the dues paid by member schools. *See* Utah Code Ann. § 78-27-24. [1] "This Court reviews the district court's ruling on personal jurisdiction *de novo*." *Bell Helicopter Textron, Inc. v. Heliqwest Intern., Ltd*., 385 F.3d 1291, 1296 (10th Cir. 2004). "The burden of establishing personal jurisdiction over the defendant is on the plaintiff." *Id.* at 1295. Where, as here, "the evidence presented on the motion to dismiss consists of affidavits and other written materials the plaintiff need only make a prima facie showing. The district court must resolve all factual disputes in favor of the plaintiff." *Id.* (citations omitted).

The Utah Long-Arm statute is to be "applied so as to assert jurisdiction over nonresident defendants to the fullest extent permitted by the due process clause." Utah Code Ann. § 78-27-22. And to satisfy the constitutional requirement of due process there must be "'minimum contacts' between the defendant and the forum State." *World-Wide Volkswagen Co. v. Woodson*, 444 U.S. 286, 291 (1980) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310,

---

[1] The Utah long-arm statute authorizes an exercise of specific jurisdiction over:

> Any person ... whether or not a citizen or resident of this state, who in person or through an agent does any of the following enumerated acts, submits himself . . . to the jurisdiction of the courts of this state as to any claim arising out of or related to: . . . (3) the causing of any injury within this state whether tortious or by breach of warranty.

316 (1945)). "When the 'defendant has purposely directed his activities at residents of the forum,' courts in that state may exercise *specific jurisdiction* in cases that 'arise out of or relate to those activities.'" *Bell Helicopter Textron*, 385 F.3d at 1296 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985) (further quotations omitted)).

To support specific jurisdiction, there must be "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958); *see also Fidelity and Cas. Co. of N.Y. v. Phila. Resins Corp*., 766 F.2d 440, 445 (10th Cir. 1985) (quoting *Hanson*, 357 U.S. at 253). The requirement of "purposeful availment" rules out personal jurisdiction as the result of "random, fortuitous, or attenuated contacts." *Burger King*, 471 U.S. at 475 (further quotation omitted). In the instant case, the district court correctly determined that the record lacked any evidence of the requisite purposeful availment.

Plaintiff also asserts that the court abused its discretion by denying limited discovery designed to uncover the publication of defamatory comments in Utah. *See Toys "R" Us, Inc. v. Step Two, S.A.,* 318 F.3d 446, 458 (3rd Cir. 2003) (determining that district court erred in denying plaintiff's "specific, non-frivolous," and "reasonable" request for jurisdictional discovery, in order to "help

determine whether jurisdiction exists under the federal long-arm statute").
Plaintiff apparently made a general request for discovery in its response to
defendant's dismissal motion.  In the absence of an explicit, supported motion for
discovery, this court cannot say that the district court abused its discretion in
denying the request.

Appellant's motion to file a reply brief out of time and motion to resubmit
reply with proper address are GRANTED.  The judgment of the district court is
AFFIRMED.

Entered for the Court


Robert H. Henry
Circuit Judge